Moncure, J.
delivered the opinion of the Court.
The Court is of opinion, that the partition made between Thomas Cresap and Mary his wife, and James Cresap and Abigail his wife, on the 23d day of September 1802, as appears by their indenture of that date, followed as it has been ever since, by the possession in severalty of the said parties, and those claiming under them, is a valid and binding partition, although no certificate of the privy examination and acknowledgment of the said Mary and Abigail is annexed to the said indenture.
The Court is also of opinion, that the deed of trust of the 29th of November 1834, was duly and regularly released by the deed of the 19th of ^July 1843.
The Court is also of opinion, that the certificate of the privy examination and acknowledgment of the said Abigail annexed to the indenture of the 27th day of April 1814, substantially and sufficiently conforms to the requisitions of the statute of 1792, in regard to conveyances by husband and wife, except that the said statute requires the certificate of the justices to be returned under their hands and seals, and no seals or scrolls appear to be affixed to the names of the justices in this case, though they state in their certificate that it is given under their hands and seals. The Court, without deciding whether the apparent omission of seals or scrolls as aforesaid rendered the title of the appellee Stump to the land sold and conveyed by him to the ap *247 pellant defective, is yet of opinion that, as the said Abigail survived her husband, who did not die until 1836, and therefore when the injunction awarded in this case was dissolved she was not barred by the statute of limitations from asserting any claim to the said land, such omission of seals or scrolls raised a cloud over the title which, according to the case of Miller v. Argyle, 5 Leigh 460, and other cases therein referred to, ought to be removed before any sale is made under the deed of trust to secure the purchase money; and that the said injunction should have been retained until the said cloud was removed by a release of any claim of the heirs of said Abigail to said land, or by the decision of a Court of competent jurisdiction adversely to such claim in a suit to which the said heirs were parties, or by the lapse of fifteen years from the death of her said husband, which would bar the right of entry of her heirs, or by some other effective means. Therefore it is decreed and ordered, that the order of the Circuit court dissolving the said injunction be reversed and annulled with costs to the appellant against the appellee Stump; and that the cause be remanded to the said Circuit court to be further proceeded in according to the foregoing opinion.